## Walter Hoffman et al., Appellants, v. Carlo Monaco et al., Appellees.

### Gen. No. 43,590.

Opinion filed November 20, 1946. Released for publication December 5, 1946.

John O. Wagner, of Chicago, for appellants.

Reuben Stiglitz, of Chicago, for appellees.

Mr. Justice Kiley delivered the opinion of the court.

This is an action for damages arising out of an alleged breach by the landlord of a covenant in a lease. Defendants counterclaimed for damages to the demised premises. The trial court dismissed the counterclaim and entered judgment for defendants on plaintiffs' complaint. Plaintiffs have appealed.

The parties orally agreed September 20, 1943 to the lease by defendants to plaintiffs of the store premises at 6046 South Pulaski Road, Chicago, Illinois, to be occupied for the purpose of a delicatessen business. September 21, 1943 a form lease, filled in by one of the plaintiffs, was executed covering a one year term from November 1, 1943, with an option to plaintiffs to renew for a period of two years. October 14th, plaintiffs, having paid three months rent in advance, entered into possession. November 1, defendants installed radiators and a boiler for the store premises and began to furnish heat. Several disputes arose thereafter with reference to the adequacy of, and the liability for, the heating. Defendants denied responsibility for furnishing heat. January 7, 1944, according to the plaintiffs, the temperature in the store was 16 degrees and a good deal of perishable merchandise was frozen. The refrigerator was damaged. The frozen merchandise plaintiffs destroyed and the balance they moved to their other store on Archer avenue. A few days later plaintiffs filed a two count complaint, in the first of which they sought, in equity, a reformation of the lease and in the second, in law, damages on account of injury suffered as a result of breach of the lease by defendants.

A chancellor found in favor of plaintiffs on Count I and a decree was entered July 6, 1944. The pertinent parts of the decree were the findings that the parties orally agreed that defendants should supply adequate heat; that the parties intended when the lease was exe-

cuted that paragraph 9 of the lease should apply so as to require defendant to furnish heat at reasonable hours when the weather required it during the period from October 1st to April 30th; that the heating facilities installed by defendants proved inadequate and adequate heat was not furnished despite the frequent complaints of plaintiffs; that December 21, 1943 the parties learned that paragraph 9 of the lease had not been made applicable as they had intended; that thereafter defendants refused to supply heat and on January 3, 1944 plaintiffs made an unsuccessful demand on defendants for a reformation of the lease to carry out the intention of the parties; and that the defendants since December 21, 1943 have failed, neglected and refused to furnish heat. The decree ordered that the lease should be reformed to require the furnishing of heat, according to the terms of paragraph 9 thereof, by the lessor.

Count II was tried without a jury before a law judge. The plaintiffs introduced in evidence the lease and the decree, in addition to testimony of plaintiffs and other witnesses with respect to damages. Defendants introduced evidence bearing upon the obligation to heat the premises. Plaintiffs objected. The court admitted the testimony subject to plaintiffs' objection. At the close of the evidence the court overruled plaintiffs' motion to strike the testimony on the ground that the decree was not binding in the law case and that there was a question of fact to be decided as to which party was obliged to furnish the heat. The trial court found that the plaintiffs had that obligation and further found that plaintiffs made no effort to furnish heat for themselves following January 7, 1944; made no attempt to carry on the business; and had failed to prove any substantial damages.

We think the trial court was clearly in error. The parties in both actions were the same. The issue

decided in the equitable action was the vital issue in the law case. We think the introduction by plaintiffs of the decree was sufficient to determine that issue in the law case. The trial court should have sustained plaintiffs' objection to any testimony with reference to the obligation to furnish heat. Following the introduction of the decree in evidence there was only one further issue and that was as to damages.

■ ■ Proof of damages is not satisfactory. It may not be possible upon a remandment of this case for the trial court to compute plaintiffs' damages from the record which has been made. We do not believe it is our function to do so. Plaintiffs are entitled to recover damages for whatever injuries they suffered following the breach of the lease by defendants in failing to furnish heat. This included the spoilage of the merchandise, damages to the machinery and loss of profits. *Chapman, et al. v. Kirby,* 49 Ill. 211; 32 Amer. Juris. pp. 249, 250.

Plaintiffs did not occupy the premises after January 7, 1944. On that date Walter Hoffman locked the store. He returned about once a week during January, February, March and in April found the store unheated. After the entry of the decree in July, they sought without success to have defendants furnish heat. In October, still finding the store unheated, plaintiff Walter Hoffman moved all of the goods from the store.

■ ■ Defendants' obligation was to furnish heat, according to the terms of the lease, during the period from October to April when the weather required heat. It is our view that any recovery for loss of profits should be limited to those terms.

· Plaintiffs contend that they should be permitted to recover for loss of profits during the two years succeeding the end of the term of the written lease. They had an option for those two years. The lease required no notice of election to exercise the option. There is

nothing in the record to indicate any conduct of plaintiffs' which showed an intention to exercise the option. As a matter of fact plaintiffs, having left the merchandise undisturbed during several months when there was no obligation on the part of defendants to furnish heat, vacated the premises during the last month of the lease. This conduct in our view negatives any intention to exercise the option.

The trial court expressed the opinion that the obligation to furnish heat began with the entry of the decree in July of 1944. This was erroneous. The obligation existed from the beginning and the decree merely expressed the obligation by ordering the lease corrected.

The defendants introduced evidence on their counterclaim of damages arising from harm to the premises. No evidence was introduced by the plaintiffs, counter-defendants, to rebut the testimony. The record shows that in an endeavor to expedite the trial plaintiffs and counter-defendants were precluded from introducing testimony to meet that of the counter-plaintiffs. On a retrial ample opportunity should be given to the parties to introduce testimony on the issues presented by the counterclaim.

For the reasons given the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

LEWE, P. J., and BURKE, J., concur.